## COURT OF COMMON PLEAS
## WARREN COUNTY, OHIO

| | | |
|---|---|---|
| **MARGARET WRIGHT**<br>1627 E Tamarron Ct<br>Springboro, OH 45066 | : <br> : <br> : | **Case No.:** 23CV96536 |
| **Plaintiff,** | : <br> : | **Judge:** Tepe |
| v. | : <br> : | |
| **TRAVELER'S INDEMNITY COMPANY**<br>One Tower Square<br>Hartford, CT 06183 | : <br> : <br> : <br> : <br> : | |
| **Defendant.** | : | |

### COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff Margaret Wright, by and through the undersigned counsel, and states her Complaint against Defendant Travelers Indemnity Company as follows:

### I. PRELIMINARY STATEMENT

1. This case, which arises under Ohio contract and tort law, stems from the willful failure of Defendant Traveler's Indemnity Company ("Travelers") to indemnify its policyholder, Plaintiff Margaret Wright, for property damage caused by storms and damaging winds on or about April 1, 2023.

2. Plaintiff alleges that Travelers violated Ohio law by: (1) breaching the terms of the homeowner's insurance contract between the parties[1]; and (2) failing to act in good faith in carrying out its duties under that contract and/or making coverage decisions pursuant to that contract.

---

[1] Pursuant to Ohio Rule of Civil Procedure 10(D)(1), a copy of the policy is not attached to this Complaint because it is in the possession, custody, or control of Defendant Travelers.

3. Plaintiff seeks relief for the aforementioned acts and/or omissions in the form of compensatory damages for her economic injuries, punitive damages for Travelers' conscious disregard for her rights under the contract, as well as reasonable attorney fees and costs and any further relief warranted in law or equity.

## II. THE PARTIES

4. Plaintiff Margaret Wright resides at 1627 Tamarron Court, Springboro, Warren County, Ohio, 45066 ("the subject property"). Plaintiff has owned and resided at the subject property at all times relevant to the subject matter of this Complaint.

5. Plaintiff Margaret Wright insured the subject property through Defendant Travelers.

6. Defendant Travelers is a Connecticut corporation authorized to conduct business in the State of Ohio. Travelers issued a homeowner's insurance policy to Plaintiff, covering, among other things, loss and/or damage to the subject property arising out of covered events, including but not limited to wind and hail damage. That policy was in effect on April 1, 2023.

## III. JURISDICTION AND VENUE

7. Jurisdiction is properly invoked in Warren County, Ohio, because it arises out of a homeowner's insurance contract covering property located in Springboro, Ohio, and the amount in controversy exceeds $25,000.

8. Pursuant to Ohio Civ. R. 3(C)(3) and (6), venue with this Court is appropriate because Defendant Travelers contracted to insure property located in Warren County, Ohio, and because the circumstances giving rise to this action occurred within Warren County, Ohio.

## IV. STATEMENT OF FACTS

9. Plaintiff Margaret Wright owns and resides at the subject property.

10. On or about April 1, 2023, a storm producing high winds caused damage to, among other things, the roof of the residence located on the subject property.

11. Pursuant to the terms of the homeowner's insurance policy between the parties which was in effect at the time of the loss, Plaintiff promptly notified Travelers of the damage caused by the storm(s) and requested indemnification for necessary repairs and replacements.

12. Plaintiff fully cooperated in the investigation of her claim under the policy, including, among other things, participating in all requested interviews and inspections.

13. Notwithstanding the fact that Plaintiff satisfied all conditions precedent to pursue a bona fide and valid property loss claim under her policy, Travelers denied and/or significantly undervalued Plaintiff's claim. In doing so, Defendant failed to conduct a reasonable investigation of the loss, failed to timely and properly process Plaintiff's claim, failed to make coverage decisions pursuant to the plain language of the contract, and/or otherwise unreasonably failed to indemnify Plaintiff for the covered loss.

14. Travelers' failure to reasonably and timely indemnify Plaintiff for damage related to the covered loss has proximately caused significant economic damage to Plaintiff and was committed intentionally, maliciously, and/or with a conscious disregard for her rights under the contract.

## V. STATEMENT OF THE CLAIMS

### Count 1: Breach of Contract

15. Plaintiff incorporates paragraphs 1-14 as if fully rewritten herein.

16. Pursuant to the express terms of the written homeowner's insurance policy that Defendant Travelers issued to Plaintiff, the damage to the residence's structure that occurred on or about April 1, 2023, constitutes a covered loss for which Defendant Travelers was responsible for indemnifying Plaintiff.

17. Defendant Travelers' refusal to properly indemnify Plaintiff for the aforementioned covered loss constitutes a breach of contract under Ohio law.

18. As a direct and proximate result of Defendant Travelers' material breach of the homeowner's insurance contract, Plaintiff has sustained damages in an amount to be determined at trial, but not less than twenty-five thousand dollars ($25,000.00).

### Count 2: Breach of Contract (Good Faith and Fair Dealing)

19. Plaintiff incorporates paragraphs 1-18 as if fully rewritten herein.

20. In purchasing a homeowner's insurance policy to shield herself from liability for damage to her residence and personal property caused by covered events such as storms, hail, and high winds, Plaintiff reasonably and justifiably relied on Defendant Travelers to fully and timely indemnify him for damages caused by such losses.

21. Defendant Travelers owed Plaintiff an implied duty of good faith and fair dealing in carrying out its duties under the homeowner's insurance policy between the parties.

22. Defendant Travelers breached its duty of good faith and fair dealing, by, *inter alia,* engaging in the following acts or omissions:

(a) failing to promptly and reasonably adjust and pay the Plaintiff's claim;

4

(b) failing to establish a reasonable justification for the denial of the Plaintiff's claim;

(c) taking advantage of the Plaintiff's vulnerable position in order to force the Plaintiff to accept an unfair settlement of the Plaintiff's claim;

(d) failing to properly inspect the site of the loss and to adequately and properly investigate the claim, with the wrongful intent to deny the Plaintiff's claim from its inception;

(e) failing to properly analyze the cause of the loss and/or the applicable coverage;

(f) failing to properly review the analysis contained in any reports related to the loss in its possession;

(g) failing to properly review the available evidence related to the loss;

(h) failing to perform a good faith analysis of the loss;

(i) failing to prepare a good faith estimate of damages caused by the loss;

(j) refusing Plaintiff's reasonable requests for information;

(k) failing to indemnify the Plaintiff for her losses and damages within a reasonable period of time;

(l) failing to properly train, supervise and/or instruct its adjusters and/or agents;

(m) failing to provide uniform and/or standard guidelines and/or materials to adjusters and/or agents to properly evaluate claims;

(n) failing to timely provide sufficient funds for the repairs and replacement of the subject property;

(o) failing to pay sufficient living expenses and/or loss of use expenses incurred by the Plaintiff in accordance with the governing policy of insurance;

(p) failing to provide sufficient funds for the repair and/or replacement of the contents contained in the subject dwelling, as provided for in the subject policy of insurance;

(q) acting with malice and/or aggravated and/or egregious fraud, and/or, as

principal or master, knowingly authorizing, participating in, or ratifying the actions and/or omissions of an agent or servant of the Defendant; and

(r) engaging in other wrongful acts or omissions to be shown at trial on the merits.

23. Defendant Travelers' violation of the implied duty of good faith and fair dealing constitutes a breach of contract under Ohio law.

24. As a direct and proximate result of Defendant Travelers' material breach of the homeowner's insurance contract, Plaintiff has sustained damages in an amount to be determined at trial, but not less than twenty-five thousand dollars ($25,000.00).

### COUNT 3: Bad Faith

25. Plaintiff incorporates paragraphs 1-24 as if fully rewritten herein.

26. As an insurer, Defendant Travelers has a duty to act in good faith in the investigation, processing, and payment of the claims of their insureds.

27. Defendant Travelers' willful refusal to promptly and reasonably investigate and process Plaintiff's property damage claim and/or willful refusal to timely and reasonably indemnify Plaintiff for the covered property damage was not predicated upon circumstances that furnish reasonable justification therefor.

28. Defendant Travelers' aforementioned arbitrary and capricious investigation and/or processing of Plaintiff's property damage claim(s) and/or their willful refusal to indemnify Plaintiff constitutes bad faith under Ohio common law.

29. As a direct and proximate result of Defendant Travelers' bad faith conduct, Plaintiff has been damaged in an amount to be determined at trial, but not less than twenty-five thousand dollars ($25,000.00).

30. The bad faith conduct of Defendant Travelers in investigating, processing, handling, and/or resolving Plaintiff's property damage claim(s) was intentional, malicious, purposeful and/or done with a conscious disregard for the rights of Plaintiff, such that the Plaintiff is entitled to an award of punitive damages.

## RELIEF REQUESTED

**Wherefore**, Plaintiff Margaret Wright, by and through counsel, demands relief from Defendant Travelers Indemnity Company as follows:

1. The full value of all losses and damages caused by storms and high winds at the subject property on or about April 1, 2023, in an amount to be determined at trial, but not less than twenty-five thousand dollars ($25,000).

2. An award of punitive damages in an amount to be determined at trial;

3. An award of Plaintiff's reasonable attorney's fees and costs incurred in the prosecution of this action;

4. An award of pre-judgment interest; and

5. Such further additional relief, whether at law or at equity, as the Court may deem proper and just.

Respectfully Submitted,

*/s/ Susan Butler, Esq.*
Susan Butler, Esq. (OH No. 0082811)
THE LAW OFFICES OF BLAKE R. MAISLIN, LLC
Maislin Professional Center
2260 Francis Lane
Cincinnati, Ohio 45206
Phone: (513) 444-4444
Fax: (513) 721-5557
E-mail: sbutler@maislinlaw.com

*Trial Attorney for Plaintiff Margaret Wright*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable, pursuant to, *inter alia*, Civil Rules 38 and 39 of the Ohio Rules of Civil Procedure.

*/s/ Susan Butler, Esq.*
Susan Butler, Esq.  (OH No. 0082811)
THE LAW OFFICES OF BLAKE R. MAISLIN, LLC
Maislin Professional Center
2260 Francis Lane
Cincinnati, Ohio 45206
Phone: (513) 444-4444
Fax: (513) 721-5557
E-mail: sbutler@maislinlaw.com

## INSTRUCTIONS TO THE CLERK

Please issue Summons and serve the Summons and Complaint upon the named Defendant at the address stated in the caption via Certified U.S. Mail Service, Return Receipt Requested.  Should service be returned as **"UNCLAIMED,"** then please re-issue service to that Defendant, via regular U.S. mail service, postage prepaid.

*/s/ Susan Butler, Esq.*
Susan Butler, Esq.  (OH No. 0082811)
THE LAW OFFICES OF BLAKE R. MAISLIN, LLC
Maislin Professional Center
2260 Francis Lane
Cincinnati, Ohio 45206
Phone: (513) 444-4444
Fax: (513) 721-5557
E-mail: sbutler@maislinlaw.com